IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRYAN HULL,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-2074-K-BK |
| | § | |
| **OCWEN LOAN SERVICING LLC,** | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3*, this case was referred to the undersigned for pretrial management.  On January 28, 2015, Defendant filed its Motion for Summary Judgment.  Doc. 16.  Plaintiff, however, failed to file his response by February 18, 2015, as required.  The Court *sua sponte* ordered Plaintiff to respond to the motion no later than May 27, 2015, Doc. 20, yet Plaintiff failed to comply.  Subsequently, Plaintiff was ordered to appear and show cause why his case should not be dismissed for want of prosecution.  Doc. 21.  On June 24, 2015, Plaintiff appeared in person and through counsel, and indicated that he does not intend to respond to the Motion for Summary Judgment and does not oppose dismissal of his case for failure to prosecute.  Doc. 22.

Accordingly, this case should be dismissed with prejudice for lack of prosecution and for failure to comply with a court order.  See *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).  *See also* Fed. R. Civ. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

**SO ORDERED** on July 6, 2015.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE